UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANASONIC CORPORATION OF NORTH AMERICA, <br> Plaintiff, <br> v. <br> POWERTREE SERVICES, INC., et al., <br> Defendants. | Case No. 21-cv-01012-VC <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 16 |

Panasonic's claims against the three defendants arise from a contract (the EPC Contract) that the four parties entered into to build solar generation arrays, electric vehicle charging stations, and energy storage solutions at multi-tenant buildings around the Bay Area. The defendants moved to dismiss on the ground that Panasonic's claims are barred by the California Contractors' State License Law. This law bars anyone "engaged in the business or acting in the capacity of a contractor" from suing to recover "compensation for the performance of any act or contract where a license is required . . . without alleging that they were a duly licensed contractor at all times during the performance of that act or contract." Cal. Bus. & Prof. Code § 7031(a). Panasonic does not allege in its complaint (or claim in its briefing) that it was licensed while performing its duties under the EPC Contract. Rather, Panasonic asserts that it was acting as an "investor" and not as a "contractor," such that it did not need a license. Because the information presented at this stage suggests that Panasonic acted as a contractor when performing at least some of its obligations under the EPC Contract, the defendants' motion to dismiss is granted. Panasonic's claims are dismissed without prejudice to the filing of an amended complaint.

California law defines "contractor" for purposes of the licensing law as anyone "who undertakes to or offers to undertake to, or purports to have the capacity to undertake to, or submits a bid to, or does himself or herself or by or through others, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any building . . . or other structure, project, development or improvement, or to do any part thereof." *Id.* § 7026. The term "contractor" does not include a "common interest development manager," meaning an individual "who for compensation, or in expectation of compensation, provides or contracts to provide management or financial services." *Id.* §§ 7026.1(b), 11501(a). The term "contractor" also does not include someone "who only furnishes materials or supplies without fabricating them into, or consuming them in the performance of, the work of the contractor." *Id.* § 7052; *see also Contractors Labor Pool, Inc. v. Westway Contractors, Inc.*, 53 Cal. App. 4th 152, 165 (1997) (holding the law applies "only to those who actually perform or supervise the performance of construction services" and not "to those who only supply materials to be used by others"). But "contractor" does include someone who coordinates and oversees the ordering and preparation of materials to be incorporated into a construction project, even if a third party does the actual work of preparing the materials. *See WSS Industrial Construction, Inc. v. Great West Contractors, Inc.*, 162 Cal. App. 4th 581, 591-92 (2008). "Contractor" also includes someone who drafts drawings and design plans specifying the scope of a construction project. *See id.*

The EPC Contract describes Panasonic's role in the project as including duties that would be considered those of a "contractor." The contract itself is called the "Engineering, Procurement and Construction Contract" and names Panasonic as the "EPC Contractor." The contract provides that Panasonic, along with other entities, "agree[s] to furnish all labor, materials, supervision and administrative assistance necessary to install 68 . . . solar, storage and electric vehicle energy service systems." Panasonic's responsibilities include signing "a Scope of Work document for each phase"; "support[ing] the interconnection process with the applicable utility company, which includes completing and seeking approval of the necessary application, working with the applicable utility company for inspection of each System and obtaining permission from

the applicable utility to operate each System"; assisting and cooperating "in the preparation and submittal of any and all applications or other documentation necessary" to complete the "rebate, permit, and interconnection process"; and providing "warranties [for] the workmanship for the installation of each System." The contract also provides that Panasonic may be involved in the "procurement . . . of solar PV modules and microinverters for the solar work," and that Panasonic, along with other entities, must sign off on any "additional scope of work or change in the Plans & Specifications for any System."

The complaint alleges that Panasonic performed "all" of its obligations and duties under the EPC Contract. At least some, if not all, of the obligations and duties just described—including signing off on design and work plans, assisting in obtaining permits for the interconnection process, warrantying workmanship, and procuring parts—clearly encompass contracting work under the licensing law. Panasonic's state law claims for recovery under the EPC Contract, as currently pled, are thus barred.

As to Panasonic's argument that its claims are not barred because the only work it actually performed was non-contractor work, and that this non-contractor work can be severed from the tasks for which Panasonic was acting as a contractor, this theory is not supported in the complaint. As just discussed, the complaint alleges that Panasonic performed "all" of its obligations under the EPC Contract, at least some of which included contractor work, and there is nothing in the complaint to suggest that the non-contractor work was incidental to the building project or not part of the integrated whole. *Cf. Phoenix Mechanical Pipeline, Inc. v. Space Exploration Technologies Corp.*, 12 Cal. App. 5th 842, 853 (2017); *WSS Industrial Construction*, 162 Cal. App. 4th at 591-92. Moreover, to the extent that Panasonic relies on *Palumbo Design LLC v. 1169 Hillcrest, LLC*, 484 F. Supp. 3d 852 (C.D. Cal. 2020), for the proposition that duties in a contract can be parsed to allow recovery for non-contractor duties even if other duties were those of a contractor (and thus required licensing), this seems hard to square with California Supreme Court case law. The California Supreme Court has made clear that the licensing law imposes "a stiff all-or-nothing penalty for unlicensed work," such that "a contractor is barred

from *all* recovery for such an 'act or contract' [requiring a license] if unlicensed *at any time* while performing it," and contractors "with lapses in licensure" may not recover "partial compensation by narrowly segmenting the licensed and unlicensed portions of their performance." *MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co.*, 36 Cal. 4th 412, 426 (2005) (emphasis in original).

With respect to Panasonic's RICO claim, the viability of this claim has not been adequately addressed by either side in the briefing. The defendants argue that the RICO claim should be dismissed both because the plaintiffs failed to adequately allege a decision-making structure separate and apart from the racketeering enterprise, and because the claim (like the state law claims) is barred by California's licensing law. The defendants' former argument is directly foreclosed by Ninth Circuit case law. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 550-51 (9th Cir. 2007) (en banc). The defendants' latter argument may also lack merit. *See, e.g.*, *Maciel Builders LLC v. US Framing International LLC*, 2020 WL 759509, at *6 (N.D. Cal. Feb. 14, 2020). But Panasonic did not contest this argument in its briefing, and so the RICO claim will also be dismissed without prejudice.

If Panasonic wishes to file an amended complaint, it must do so within 14 days of this order. A response is due 14 days after the filing of any amended complaint.[1] An initial Case Management Conference is scheduled for Wednesday, July 14 at 2 p.m. A joint Case Management Statement is due one week before the conference.

**IT IS SO ORDERED.**

Dated: May 28, 2021

VINCE CHHABRIA
United States District Judge

---

[1] The defendant's request for judicial notice is denied.